UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD W. PETERS, | 3:15-cv-00493-RCJ-WGC |
| Plaintiff, | **ORDER** |
| vs. | **Re: ECF Nos. 50, 51** |
| C/O RAYMOND, *et al.*, | |
| Defendants. | |

Before the court are Plaintiff's two motions, one to stay this case (ECF No. 50) and another seeking a court order requesting a physical and mental examination pursuant to Fed. R. Civ. P. 35 (ECF No. 51). Both are predicated upon Plaintiff's assertions that his mental and physical limitations restrict or impede his ability to prosecute this case. While Plaintiff's motions were apparently signed by inmate Peters, the only documentation regarding Plaintiff's mental status was an affidavit of inmate Will Lyons, presumably an inmate assistant, who represents Plaintiff appears "confused." Inmate Lyons apparently dictated the two motions to inmate Peters. (ECF No. 50 at 3.) Plaintiff has submitted no medical or mental health records regarding his conditions.

While Rule 35 allows a court to direct a party to submit to a mental or physical examination, such an order may be made upon motion demonstrating good cause. In addition to good cause, however, the motion "must specify the time, place, manner, conditions and scope of the examination, as well as the person who will perform it." Fed. R. Civ. P. 35 (a)(2). Plaintiff's motion discusses none of these criteria. Nor does Plaintiff's motion state who should pay for the examination, which is typically borne by the movant.

1       While Plaintiff's motions are deficient in several respects, particularly disconcerting is any documentation from Plaintiff's NDOC files which would tend to validate any of Plaintiff's contentions of medical/mental infinities. Although the court recognizes any inmate Plaintiff would likely have difficulty in nominating a qualified health examiner, the court itself cannot select such individuals for Plaintiff. The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

      Plaintiff's motions (ECF Nos. 50, 51) are **DENIED**, albeit without prejudice.

      The parties should be aware of the following:

      Any party wishing to object to this order may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 3-1, specific written objections within fourteen (14) days of receipt. The deadline to file and serve any responses to the objections is fourteen (14) days after service of the objection. Replies will be allowed only with leave of the court.

**IT IS SO ORDERED.**

DATED: June 6, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE