UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD W. PETERS,<br><br>    Plaintiff,<br><br>vs.<br><br>C/O RAYMOND, *et al.*,<br><br>    Defendants. | 3:15-cv-00493-RCJ-WGC<br><br>**ORDER**<br><br>Re: ECF No. 76 |

Before the court is Plaintiff's Motion for Appointment of Counsel (ECF No. 76).[1] In his motion, Plaintiff states that he is ". . . not at all trainded (sic) in the law and I know very little about this civil litigation, and such matters, therefore, Peters ask (sic) this court to view this with the leniency afforded to pro se litigants." (*Id.* at 4.)

As discussed in this court's prior orders denying Plaintiff's motion for appointment of counsel (ECF No. 47), a litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

/ / /

---

[1] This is actually Plaintiff's second request for appointment of counsel. *See*, ECF No. 35, denied on 1/27/17 in ECF No. 47.

As this court also advised Plaintiff when it denied Plaintiff's first motion for appointment of counsel (ECF No. 47), a finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Plaintiff's ability to satisfactorily articulate his claims is demonstrated by extensive memoranda on the subject of appointment of counsel and in many of his other lengthy filings. (*See*, *e.g.*, ECF Nos. 33, 34, 46, 53, 63, 68, 76.)

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

The substantive claims involved in this action are not unduly complex. Plaintiff's amended complaint was found to state claims under the Eighth Amendment for deliberate indifference to his health and safety claims as against several defendants. (ECF No. 12 at 8-9.)

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims.

As this court preliminarily advised Plaintiff in its order of December 15, 2016 (ECF No. 37), while any *pro se* inmate would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or to litigate them effectively

once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the Court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)]. Those exceptional circumstances do not exist in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiff's motion (ECF No. 76).

**IT IS SO ORDERED.**

DATED: March 26, 2018.

WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE