UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD W. PETERS,<br><br>    Plaintiff,<br><br>    v.<br><br>C/O RAYMOND, et. al.,<br><br>    Defendants. | Case No. 3:15-cv-00493-RCJ-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Injunction. (ECF No. 109.) Defendants filed a response. (ECF No. 112.)

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 11.) The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id*.) Defendants are Charles Raymond, Vincent Brooks, Ira Brannon and Isidro Baca.

On screening, the court allowed Plaintiff to proceed with several Eighth Amendment claims related to events that took place at NNCC. Plaintiff has filed a motion for injunctive relief concerning his housing assignment. He states that he is in the "hole" without contact with general population inmates, and without a classification hearing. He wants to be released from administrative segregation into the general population yard.

His request is collateral to the claims proceeding in this action.

Defendants are mistaken that there is not a Ninth Circuit case addressing a request for

injunctive relief on an issue collateral to the claims proceeding in a civil action. In 2015, the Ninth Circuit addressed the issue in *Pacific Radiation Oncology, LLC v. Queen's Medical Center,* 810 F.3d 631 (9th Cir. 2015).

In seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation*, 810 F.3d at 635 (adopting the rule from *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994)). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id*. "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id*. (quoting *DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id*.

Injunctive relief is used to address issues related to the underlying violations presented in the complaint. Plaintiff is not permitted to file a complaint in federal court, and then use that action as a forum to air his unrelated grievances. Here, Plaintiff's action is proceeding on Eighth Amendment claims stemming from specific incidents that took place at NNCC, but the relief he seeks here asks the court to make a change to his current housing assignment. This claim for relief does not have a nexus to the underlying complaint; therefore, the court is without authority to grant the requested relief. Plaintiff's issues with his housing assignment are properly addressed using the prison grievance system, and if they remain unresolved, by filing a new action.

Therefore, Plaintiff's motion for injunctive relief should be denied.

## **RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the District Judge enter an order **<u>DENYING</u>** Plaintiff's motion (ECF No. 109).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by

points and authorities for consideration by the district judge.

  2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: October 1, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE